UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re:<br><br>JAMES HOLLINGWORTH<br>LYNN A. HOLLINGWORTH<br><br>    Debtors<br><br>JAMES HOLLINGWORTH<br>LYNN A. HOLLINGWORTH<br><br>    Plaintiffs<br><br>v.<br><br>BENEFICIAL MASSACHUSETTS, INC.<br>and<br>HSBC MORTGAGE CORPORATION<br>(USA)<br><br>    Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Chapter 13<br>Case No. 09-43647-MSH<br><br><br><br><br><br><br>Adv. Pro. No. 10-4026 |

**MEMORANDUM OF DECISION ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Before me is a motion by defendants, Beneficial Massachusetts, Inc. and HSBC Mortgage Corporation (USA), for summary judgment pursuant to Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. Plaintiffs James Hollingworth and Lynn A. Hollingworth, who are the debtors in the main bankruptcy case, oppose.

**Background**

On November 22, 2006, the plaintiffs executed a promissory note payable to "Champion Mortgage, a division of Keybank National Association, a national bank organized and existing

1

under the laws of the United States" ("Keybank") in the amount of $102,200 and a mortgage in favor of Keybank on their home at 20 Brick Row, Southbridge, Massachusetts to secure their obligations under the note. Keybank subsequently assigned the mortgage to Beneficial Massachusetts, Inc.

On September 2, 2009, the plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code. 11 U.S.C. §§ 101-1532. HSBC Mortgage Corporation (USA) filed a proof of claim in the debtors' Chapter 13 case on behalf of Beneficial Massachusetts, Inc.[1]

Plaintiffs commenced this adversary proceeding against HSBC Mortgage Corporation (USA) and Beneficial Massachusetts, Inc. by a complaint alleging that their loan is a high-cost home loan and that their original lender failed to obtain certification that the debtors received counseling on the advisability of the mortgage loan prior to the closing, as required by the Massachusetts Predatory Home Loan Practices Act, Mass. Gen. Laws ch. 183C, §§ 1-19 (2004) ("Chapter 183C"). Plaintiffs seek a judgment that the loan is unenforceable because of the Chapter 183C violation (Count I) and that the mortgage is invalid as a result (Count II). Defendants moved for summary judgment arguing that because the originator of the plaintiffs' mortgage loan, Keybank was a national bank, the loan it originated is subject only to the federal Truth in Lending Act, 15 U.S.C. §§ 1601-67f ("TILA"), and not subject to state laws, such as Chapter 183C. After a hearing, I took the matter under advisement.

---

[1] There is no evidence in the record of this adversary proceeding as to which defendant, if any, is entitled to enforce the promissory note associated with the plaintiffs' mortgage. As the complaint does not challenge the validity of the proof of claim itself, but only the mortgage, the lack of clarity on this issue is not outcome determinative.

2

## Summary Judgment Standards

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of a material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 65(c), made applicable by Fed. R. Bankr. P. 7056. A "genuine" issue is one supported by such evidence that "a reasonable jury, drawing favorable inferences," could resolve it in favor of the nonmoving party. *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (quoting *Smith v. F.W. Morse & Co., Inc.*, 76 F.3d 413, 427 (1st Cir. 1996)). "Material" means that a disputed fact has "the potential to change the outcome of the suit" under the governing law if the dispute is resolved in favor of the nonmovant. *McCarthy v. Northwest Airlines, Inc.* 56 F.3d 313, 314-315 (1st Cir. 1995). The moving party bears the initial responsibility of informing the court of the basis for its motion, and "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## The Dispute

Chapter 183C requires lenders to receive certification that their borrowers received counseling prior to finalizing high-cost home mortgage loans. Chapter 183C, § 3. High-cost home mortgage loans are defined as loans in which the points and fees exceed 5% of the total financed amount. Chapter 183C, § 2. In the absence of certification the loan is unenforceable. Chapter 183C, § 3. Because Keybank never received such certification, the plaintiffs assert the mortgage on their home is unenforceable and must be discharged.

Defendants argue that TILA, and not Chapter 183C, applies to the plaintiffs' loan. TILA establishes an 8% threshold before a loan qualifies as a high-cost home loan rather than the 5% threshold established by Chapter 183C. TILA § 1602(aa)(1)(B) (establishing an 8% threshold); Chapter 183C, § 2 (establishing a 5% threshold). Defendants argue that TILA preempts Chapter 183C and, therefore, the 8% threshold applies. Because plaintiffs allege that the points and fees associated with their loan total 6.6%, if TILA applies to this loan, summary judgment must be granted.

Plaintiffs put forth two arguments that Chapter 183C applies with respect to their loan. First, plaintiffs argue that the originator of the loan was not a national bank. They dispute that Champion Mortgage was a division of Keybank National Association, and, in any event, they dispute that Keybank National Association, despite its name, was a national bank. Second, plaintiffs argue that even if Keybank was a national bank, Chapter 183C is not preempted by TILA.

## Discussion

Plaintiffs dispute that Champion Mortgage was a division of Keybank and that Keybank was a national bank at the time the loan was originated. Neither of these assertions has merit. When they signed the mortgage, plaintiffs acknowledged that their lender was "Champion Mortgage, a division of Keybank, a national bank organized and existing under the laws of the United States." Plaintiffs have submitted no evidence to support even an inference that there is any genuine issue or dispute over these material facts.

Not only did plaintiffs acknowledge that Keybank was a national bank, but I may take judicial notice of this fact as well. Keybank's name is Keybank National Association. Courts may take judicial notice that a bank is a national bank if the bank is described by name as a

4

"national" bank. *United States v. Harris*, 530 F.2d 576, 578 (4th Cir. 1976). *See also United States v. Thomas*, 610 F.2d 1166, 1171 (3d Cir. 1979) (justifying taking judicial notice of bank's national character because the word "National" in a bank's title is "virtually conclusive evidence that the bank is federally chartered"); *United States v. Mauro*, 501 F.2d 45, 49-50 (2d Cir. 1975) (taking judicial notice of the national character of a bank because it is considered false advertising and unlawful to use the word "national" in the name of "any banking institution not organized or operating under the laws of the United States"). Accordingly I find that Keybank is a national bank.[2]

As Keybank was both the originator of the plaintiffs' loan and a national bank, I turn next to the question of whether Chapter 183C is preempted by TILA with respect to plaintiffs' loan. TILA provides that state laws inconsistent with the provisions of TILA are preempted to the extent of the inconsistency. TILA § 1610(a)(1). In addition, Congress has given the Office of the Comptroller of the Currency ("OCC") the authority to issue regulations preempting state law. *CSBS v. Connover*, 710 F.2d 878, 878 (D.C. Cir. 1983) (holding 12 U.S.C. § 93a grants the OCC the power to preempt inconsistent state laws). In carrying out this authority, the OCC may issue opinion letters or interpretive rules concluding that federal law preempts the application of any state consumer protection or fair lending statute to a national bank. *Salvador v. Bank of America, N.A. (In re Salvador)*, 2011 Bankr. LEXIS 1772, at *4 (Bankr. D. Ga. May 12, 2011) (citing 12 U.S.C. § 43(a), (b), 1813(q)(1)).

---

[2] In footnote one of their Memorandum in Support of Motion to Dismiss, defendants reference a printout attached to the memorandum apparently generated from the Office of the Comptroller of the Currency's website listing Keybank as a national banks as of January 31, 2011. Not only is the printout irrelevant with respect to the plaintiffs' mortgage loan, which was originated in 2006, but, because it was not authenticated, it cannot serve as evidence to support the motion for summary judgment in any event. Fed. R. Evid. 901(a).

On August 5, 2003, the OCC issued a Preemption Determination and Order concluding that the Georgia Fair Lending Act ("GAFLA") provisions affecting national bank real estate lending were preempted by TILA. Preemption Determination and Order, 68 Fed. Reg. 46,264, 46,264 (Aug. 5, 2003). The OCC order preempted the GAFLA provision establishing 5% as the threshold for loans to be classified as high-cost loans. *Id.* at 46,265. It is therefore clear that state laws defining high-cost loans in a manner inconsistent with TILA's 8% threshold are preempted by TILA.[3]

Finally, plaintiffs argue that even if laws such as Chapter 183C are preempted, preemption does not apply in Massachusetts because the Federal Reserve has issued an order, pursuant to its authority under 15 U.S.C. § 1602, that exempts certain Massachusetts credit transactions from the requirements of TILA. The order provides:

> [C]redit transactions that are subject to chapter 140D (Consumer Credit Costs Disclosures) of the General Laws of Massachusetts, established by chapter 733 of the Acts of 1981, and its implementing regulations are exempt from chapter 2 (credit transactions) and chapter 4 (credit billing) of the federal Truth in Lending Act. **This exemption does not apply to transactions in which a federally chartered institution is a creditor**.

Consumer Leasing, Truth in Lending; Order Granting Exemptions to the States of Massachusetts, Oklahoma and Wyoming, 47 Fed. Reg. 42,171 (Sept. 22, 1982) (emphasis added). As the regulation clearly indicates, however, if a creditor is a federally chartered institution, such as Keybank, its transactions in Massachusetts are not exempt from TILA.

---

[3] Following the Preemption Determination and Order, the OCC initiated rulemaking to determine whether to expressly preempt the field of national bank real estate lending. In the final rule, the OCC declined to do so, opting instead to address preemption issues through opinion letters and interpretive rules, or if necessary, formal rulemaking. I find it noteworthy, as the Court did in *Salvador*, that the OCC cited the order multiple times but did not change or overrule that order. 2011 Bankr. LEXIS 1772, at *11. It is therefore reasonable to believe that the OCC has not changed its view with respect to statutes such as GAFLA.

**Conclusion**

For the above stated reasons, Chapter 183C does not apply to the mortgage loan transaction at issue. As all counts of the plaintiffs' complaint are based on an alleged violation of Chapter 183C, judgment must enter on behalf of the defendants as a matter of law. A separate judgment shall issue.

At Worcester, Massachusetts this 27th day of July 2011.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   Laird J. Heal
Worcester, MA
for the plaintiffs

David Fialkow
Jeffrey S. Patterson
Sean R. Higgins
Nelson Mullins Riley & Scarborough LLP
Boston, MA
for the defendants